IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01194

LIZA PATTERSON and RICHARD
PATTERSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

## COMPLAINT

NOW comes LIZA PATTERSON ("Liza") and RICHARD PATTERSON ("Richard") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BANK OF AMERICA, N.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, as well as 28 U.S.C. §1331 and §1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiffs are consumers over 18 years-of-age residing in Longmont, CO, 80504, which lies within the District of Colorado.

5. Plaintiffs are natural "person(s)," as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 100 N. Tyron Street, Charlotte, North Carolina. Defendant's registered agent is located at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina.

7. Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the state of Colorado.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. Late in 2018, Liza was the unfortunate victim of a scam that would regularly send prize checks to Liza's home.

11. Liza deposited many of these checks into her personal Bank of America checking account ending in -0408.

12. Defendant eventually reversed the deposited checks and charged Liza with several processing fees ("subject debt").

13. On March 19, 2019, Liza began receiving calls from Defendant to her cellular phone, (407) XXX-0510, who was seeking to collect upon the subject debt.

14. At all times relevant to the instant action, Liza was the sole subscriber, owner, and operator of the cellular phone ending in -0510. Liza is and always has been financially responsible for the cellular phone and its services.

15. Defendant has regularly placed calls to Liza's cellular phone using the phone number (877) 719-7991, but upon belief, Defendant has employed additional numbers as well.

16. Upon information and belief, the aforementioned phone number ending in -7991 is regularly utilized by Defendant during its collection activities.

17. Liza returned the defendant's call on or about March 20, 2019 and spoke with a representative that identified herself as Sheila.

18. During this conversation, Sheila informed Liza that she would need to pay a certain amount per week to cure the subject debt, otherwise, Liza's checking account would be closed, and Liza would never be able to open an account with any financial institution again.

19. Perturbed by Sheila's comments, Liza demanded that Defendant stop calling her.

20. In spite of Liza's efforts, Defendant has continued to place at least 40 automated calls to her cellular phone without consent.

21. Defendant's unlawful conduct does not stop there, as it has also began placing calls to Richard's cellular phone, (407) XXX-3480, in an attempt to collect the subject debt.

22. At all times relevant to the instant action, Richard was the sole subscriber, owner, and operator of the cellular phone ending in -3480. Richard is and always has been financially responsible for the cellular phone and its services.

23. Richard has never provided Defendant with consent to contact him, so he was taken aback upon receiving Defendant's phone calls.

24. Accordingly, Richard demanded that Defendant stop contacting him, but despite this information, Richard has continued to receive at least a dozen of phone calls thereafter.

25. Upon answering Defendant's phone calls, Plaintiffs experience a pre-recorded message before they are connected with a live representative.

26. During other answered calls, Plaintiffs experience a noticeable pause, lasting several seconds in length, and often have to say "hello" a number of times before they are greeted by one of Defendant's live agents.

27. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

28. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone's services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiffs repeat and reallege paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or artificial or prerecorded voice* without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant contacted Plaintiffs using artificial or prerecorded messages.

33. Defendant also used an ATDS in connection with its communications directed towards Plaintiffs cellular phones. The noticeable pause, lasting a handful of seconds in length, which Plaintiffs experienced during answered calls from Defendant, is instructive that an ATDS was being utilized to generate the phone calls. In addition, the fact that Plaintiffs had to repeatedly say "hello" before they were connected to a live representative is indicative of an ATDS. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

34. Defendant violated the TCPA by placing, at least 40 phone calls to Liza's cellular phone using pre-recorded messages and an ATDS without her consent. Any consent that Liza *may* have given to Defendant was specifically revoked by Liza's numerous demands that it cease contacting her.

35. Defendant further violated the TCPA by placing at least a dozen phone calls to Richard's cellular phone using pre-recorded messages and an ATDS without his consent. Richard never provided Defendant with permission to contact him, and even still, Richard demanded that Defendant cease contacting him. In spite of Richard's efforts, however, Defendant's collection efforts persisted.

36. The calls placed by Defendant to Plaintiffs were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, LIZA PATTERSON and RICHARD PATTERSON, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 24, 2019                                             Respectfully submitted,

s/ Nathan C. Volheim                                              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                  Taxiarchis Hatzidimitriadis, Esq. #6319225
 *Counsel for Plaintiff*                                          *Counsel for Plaintiff*
Admitted in the District of Colorado                              Admitted in the District of Colorado
Sulaiman Law Group, Ltd.                                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                               2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                           Lombard, Illinois 60148
(630) 568-3056 (phone)                                            (630) 581-5858 (phone)
(630) 575-8188 (fax)                                              (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                          thatz@sulaimanlaw.com